Christopher J. Reichman SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
JONATHAN SAPAN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SAPAN,<br><br>Plaintiff,<br>vs.<br><br>BRANZA INC., a Nevada Corporation, AARON LEFFLER, an individual, DOMINIC MAGLIARDITI, an individual,<br><br>Defendants. | Case No.: **'15CV2794 LAB NLS**<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

COMES NOW Plaintiff JONATHAN SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1.      Plaintiff is, and at all times herein mentioned was, a resident of the County of San Diego, State of California

2.      Defendant BRANZA INC. ("Branza") is, and at all times herein mentioned was, a professional corporation, doing business in the County of San Diego, State of California.

3.      Defendant AARON LEFFLER is, and at all times herein mentioned was, an individual doing business in the County of San Diego, State of California.

4.      Defendant DOMINIC MAGLIARDITI is, and at all times herein mentioned was, an individual doing business in the County of San Diego, State of California.

5.      This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.      At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the

scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

# FACTUAL SUMMARY

7.   Defendants made twenty-six (26) prerecorded calls to JONATHAN SAPAN's home phone number (858-324-9001) wherein they tried to pitch their internet marketing services on the following dates and times and using the following Caller ID ("CID") number and Caller ID name ("CNAM"):

- February 6, 2014 at 1:29pm, CID 305-514-0710
- December 2, 2014 at 3:16pm, CID 949-220-0852
- January 9, 2015 at 9:46am, CID 720-862-3932, CNAM Branza
- February 24, 2015 at 2:27pm, CID 636-244-0809, CNAM Assist
- February 26, 2015 at 3:25pm, CID 201-932-2692, CNAM Assist
- March 2, 2015 at 9:17am, CID 810-299-3257, CNAM Assist
- March 3, 2015at 9:30am, CID 571-279-8054, CNAM Assist
- March 3, 2015 at 9:56am, CID 571-279-8054, CNAM Assist
- March 4, 2015 at 10:56am, CID 571-279-8054, CNAM Assist
- March 16, 2015 at 3:23pm, CID 612-430-7070, CNAM Assist
- March 17, 2015 at 9:19am, CID 443-485-1887, CNAM Assist
- March 17, 2015 at 12:19pm, CID 612-430-7070, CNAM Assist
- March 31, 2015at 11:07am, CID 412-387-2318
- April 7, 2015 at 9:37am, CID 406-641-1531, CNAM Info SRVC
- April 7, 2015 at 10:08am, CID 406-641-1531, CNAM Info SRVC
- April 10, 2015 at 10:03am, CID 443-485-1887, CNAM Info SRVC
- April 13, 2015 at 1:11pm, CID 443-485-1887, CNAM Assist
- April 14, 2015 at 10:41am, CID 443-485-1887, CNAM Assist
- April 23, 2015 at 3:20am, CID 720-440-5839, CNAM Online Update
- May 1, 2015 at 9:35am, CID 970-236-2176, CNAM Local Ranking
- May 1, 2015 at 10:12am, CID 970-236-2176, CNAM Local Ranking
- May 1, 2015 at 12:56pm, CID 970-236-2176, CNAM Local Ranking

- May 1, 2015 at 3:26pm, CID 970-236-2176, CNAM Local Ranking
- May 4, 2015 at 2:11pm, CID 970-236-2176, CNAM Local Ranking
- May 13, 2015 at 2:59pm, CID 970-236-2176, CNAM Customer Service
- May 19, 2015 at 3:07pm, CID 903-765-5041, CNAM Marketing Sol

8. Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from August 17, 2013 to the present.

9. While each of the calls complained of above used the same Caller ID number, three (3) of them transmitted any Caller ID name information as required by law. 47 C.F.R. § 64.1601(e).

10. On February 6, 2014 at 1:29 pm, Defendants called Mr. Sapan's home telephone number from CID 305-514-0710 with no CNAM listing.

11. Mr. Sapan did not answer his phone.

12. Although he did not answer his phone, he was unfamiliar with the CID 305-514-0710 and performed a Google Search on the phone number.

13. Mr. Sapan's Google Search yielded a webpage that brought up a forum where a complaint was made by another telephone caller who had alleged that Defendant Branza was behind the CID number mentioned above used to make illegal telephone call to Mr. Sapan.

14. Since every other call Mr. Sapan received from Branza was a prerecorded solicitation call (see below), Mr. Sapan pleads on information and

belief that this call was a prerecorded solicitation attempting to sell internet marketing services.

15. On December 2, 2014 at 3:16pm Defendants called Mr. Sapan's home telephone number from CID 949-220-0852 with no CNAM listing.

16. Mr. Sapan answered his phone, but the line was disconnected.

17. Unfamiliar with the CID, Mr. Sapan conducted a Google search on the number and found a telephone consumer complaint forum that alleged the illegal callers were attempting to solicit their internet marketing services to unsuspecting individuals by calling their home telephone numbers.

18. During the calls the complainants heard a robotic voice informing them that their Google update has not been updated.

19. Since every other call Mr. Sapan received from Branza was a prerecorded solicitation call (see below), Mr. Sapan pleads on information and belief that this December 2, 2014 call from Defendants was a prerecorded solicitation attempting to sell internet marketing services.

20. On January 9, 2015at 9:46am Defendants called Mr. Sapan's home telephone number from CID 720-862-3932 under CNAM "Branza".

21. Mr. Sapan answered and a robotic voice informed Mr. Sapan that his "listing on Google had not been updated."

22. Mr. Sapan hung up the phone.

- 5 -
Complaint

23. On February 24, 2015 at 2:27 pm Defendants called Mr. Sapan's home telephone from CID 636-244-0809 under CNAM "Assist".

24. Mr. Sapan did not answer, but he did perform additional investigation on the CID number.

25. Mr. Sapan accessed the website, Whocalled.com, where he determined that the number was used to illegally solicit people for internet services using a pitch about updating their Google listings.

26. On February 26, 2015 at 3:25 pm Defendants called Mr. Sapan's home telephone number from CID 201-932-2692 under CNAM "Assist".

27. Mr. Sapan answered the call and a robotic male voice instructed Mr. Sapan to press "1" to validate his Google listing.

28. Mr. Sapan hung up the phone.

29. On March 2, 2015 at 9:17 am Defendants called Mr. Sapan's home telephone from CID 201-932-2692 under CNAM "Assist".

30. Mr. Sapan did not answer, but Defendants left Mr. Sapan a voice mail.

31. During the voicemail, a female robotic voice named "Sharon" claiming to be a "Google Specialist" attempted to pitch Mr. Sapan internet marketing services.

32. On March 3, 2015 at 9:30 am Defendant called Mr. Sapan's home telephone number from CID 571-279-8054 under CNAM "Assist".

33. Mr. Sapan answered the call and a robotic male voice claimed Mr. Sapan had not updated his Google listing and asked him to press "1" to update it.

34. Mr. Sapan hung up the phone.

35. The January 9, 2015 call, and the call made on March 3, 2015 at 9:30 am, followed an identical robotic message.

36. Mr. Sapan pleads on information and belief that all calls that derived from CNAM "ASSIST" were made by Defendants to pitch their internet marketing services based on the fact that they all used the same misleading sales pitch as the CNAM "Branza" call and that online complaint databases associated calls from these CID numbers to Defendants.

37. Mr. Sapan was called an additional ten (10) times under CNAM "ASSIST".

38. On April 7, 2015 at 10:08 am, Defendants called Mr. Sapan's home telephone number from CID 406-641-1531 under CNAM "INFO SRVC".

39. During the call, a male robotic call informed Mr. Sapan that he had not updated his business listing with Google.

40. This prerecorded message and voice was completely identical to the messages in the previous calls made under CNAMS "BRANZA" and "ASSIST".

41. Mr. Sapan pleads on information and belief that all calls that used CNAM "INFO SRVC" were made by Defendants to pitch their marketing services.

42. On April 23, 2015 at 10:41am, Defendants called Mr. Sapan from CID 720-440-5839 under CNAM "ONLINE UPDATE".

43. During the call, a male robotic caller informed Mr. Sapan that he had not updated his business listing with Google.

44. This prerecorded message and voice was completely identical to the messages in the previous calls made under CNAMS "BRANZA", "ASSIST" and "INFO SRVC".

45. On May 1, 2015 at 9:35 am, Defendants called Mr. Sapan from CID 970-236-2176 under CNAM "LOCAL RANKING".

46. During the call, a male robotic caller informed Mr. Sapan that he had not updated his business listing with Google.

47. This prerecorded message and voice was completely identical to the messages in the previous calls made under CNAMS "BRANZA", "ASSIST", "INFO SRVC", and "ONLINE UPDATE".

48. Mr. Sapan was called by Defendants four (4) additional times under CID 970-236-2176 and CNAM "LOCAL RANKING" to pitch their internet marketing services.

49. On May 13, 2015 at 2:59 pm, Defendants called Mr. Sapan's home telephone number from CID 970-236-2176 under CNAM "CUSTOMER SERVIC".

50. Mr. Sapan did not answer.

51. The CID number is the same which Defendants used to call Mr. Sapan during the last five (5) alleged calls.

52. On May 19, 2015 at 3:07 pm, Defendants called Mr. Sapan's home telephone number from CID 903-765-5041 under CNAM "MARKETING SOL".

53. During the call, a male robotic caller informed Mr. Sapan that he had not updated his business listing with Google.

54. This prerecorded message and voice was completely identical to the messages in the previous calls made under CNAMS "BRANZA", "ASSIST", and "INFO SRVC".

55. Each call Mr. Sapan answered was made by Defendants to attempt to sell Mr. Sapan their internet marketing services under the false guise of "updating his business listing with Google", and Mr. Sapan has no such listings.

56. Mr. Sapan pleads on information and belief that for all calls he did not answer, they were made by Defendants in order to pitch their internet marketing services to him.

57. Mr. Sapan alleges on information and belief that Defendants also transmitted the other calls, which went unanswered, to pitch the same internet marketing services.

58. None of the calls complained of were introduced by a live natural person as required by the California Consumer Legal Remedies Act.

59. None of the calls complained of identify the name of the company who was calling to offer these internet marketing services as required by both federal and California law.

60. Businessconsunmeralliance.org lists Defendant Aaron Leffler as President of Defendant Branza.

61. Furthermore, Businessprofiles.com shows that Defendant Dominic Magliarditi formed Defendant Branza.

62. Defendant Aaron Leffler and Dominic Magliarditi are, and at all times herein mentioned were, co-owners of Branza.

63. Plaintiff and his attorneys' investigation of Defendant Branza does not indicate it has any regular employees other than the co-owners.

64. Plaintiff alleges on information and belief that Defendant Aaron Leffler and Dominic Magliarditi made the violative calls, ordered them made, knew the calls described above were being made and did nothing, or was willfully and recklessly ignorant of the fact his company was making the calls described above.

65. Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time

in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

### FIRST CAUSE OF ACTION
[TCPA Violation – Prerecorded Telesolicitation – For All 26 Calls]

66. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

67. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

68. Subdivision (b) (1) (B) of Section 227 of Title 47 of the United StatesCode makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

69. Defendants have called Plaintiff's residential telephone line, using an artificial or prerecorded voice to deliver a message, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. §

1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line. These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

70. Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b)(1) (B). Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

**SECOND CAUSE OF ACTION**
[TCPA Violation – Do Not Call List – For All 26 Calls]

71. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

72. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

73. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of

Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

74. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

75. Defendants have called Plaintiff's residential telephone line for solicitation purposesduring the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line. These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff. 37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

76. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its

discretion, award up to three times that amount.

## THIRD CAUSE OF ACTION
[Violation(s) of California Civil Code § 1770 (a) (22) (A)–
For All 26 Prerecorded Telesolicitation Calls]

77.  Plaintiff realleges all paragraphs above and incorporates them herein by reference.

78.  California Civil Code § 1770 (a) (22) (A) requires that all recorded messages disseminated within the state be introduced by a live, natural voice giving the name of the entity calling, the name of the entity being represented, an address or phone number for that entity, and asking permission to play the recording.  Defendant's illegal prerecorded telemarketing calls to Plaintiff failed to comply with this requirement.

79.  As a proximate result of defendants' violation of Civil Code section 1770, plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be proven at trial.

80.  Civil Code section 1780 (a) (2) provides for an injunction against future conduct in violation of Civil Code section 1770.

81.  Civil Code section 1780 (a) (4) provides for an award of punitive damages for violations of Civil Code section 1770.

82.  Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs harmed by California Civil Code §1770 (a) (22) (A) violations.

## FOURTH CAUSE OF ACTION
[Trespass to Chattel – For All 26 Calls]

83. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

84. The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

85. At no time did Plaintiff consent to this trespass.

86. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 13% of his monthly phone bills in April and May of 2015 since Defendants calls constituted 13% or more of the total calls to his phone in the two months at the height of their junk calling campaign.

87. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, orannoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## FIFTH CAUSE OF ACTION
[Engaging in Unfair Business Practices – For All 26 Calls]

88. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

89. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business

and Professions Code.

90. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 13% of his monthly phone bills in April and May of 2015 since Defendants calls constituted 13% or more of the total calls to his phone in the two months at the height of their junk calling campaign.

91. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:
1. For an award of $500.00 for each violation of 47 U.S.C. §227;
2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:
3. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);
4. For an award of $1,500.00 for each such violation found to have been willful;

On the THIRDCAUSE OF ACTION:
5. For compensatory damages according to proof;
6. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);

- 16 -
Complaint

7. For punitive damages;

8. For attorney's fees;

On the FOURTH CAUSE OF ACTION:

9. For compensatory damages according to proof;

10. For punitive damages;

On the FIFTH CAUSE OF ACTION:

11. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

12. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

13. For costs of suit herein incurred; and

14. For such further relief as the Court deems proper.

DATED: December 11, 2015                    **PRATO & REICHMAN, APC**

                                            /s/Christopher J. Reichman, Esq.
                                            By: Christopher J. Reichman, Esq.
                                            **Prato & Reichman, APC**
                                            Attorneys for Plaintiff
                                            JONATHAN SAPAN